FREDERICK W. TIEFENTHAL ET AL. v. CITIZENS' MUTUAL FIRE INSURANCE COMPANY OF KENT, ALLEGAN AND OTTAWA COUNTIES.

*Insurance—Filling out policy—Statements of insured—Mortgage on property —Increased risk—Forfeiture.*

1. Where the secretary of an insurance company fills out an application for insurance the company is presumed to waive any statements of fact that are not inserted in the application and are not called for until after losses occur.

2. Incumbering insured property without notice to the insurance company does not avoid the policy if neither the by-laws of the company nor the contract of insurance provides for such avoidance.

3. Chattel mortgages on growing crops are not to be regarded as increasing the hazard of insurance until the crops are harvested.

4. A provision in the by-laws of an insurance company that notices of other insurance, of increased hazard by mortgage, and of whatever else affects the rights of the parties must be made to the secretary and that his approval must be indorsed, is not necessarily to be construed as providing for the avoidance of the policy if such notice is not given.

5. False swearing by an insured person will not necessarily defeat his right to recover upon his policy if it was not done with fraudulent intent to obtain more pay than he was entitled to.

Error to Allegan.   (Arnold, J.)   Jan. 23.—April 16.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Roger W. Butterfield* for appellant.

*Warner & Wilkes* and *W. B. Williams* for appellees. An insurer is estopped from disputing his own valuation : Wood on Ins. § 43 ; *Luce v. Dorchester Mut. F. Ins. Co.* 105 Mass. 297 ; *Brown v. Quincy F. Ins. Co.* id. 396 ; and after issuing a policy cannot insist upon omissions to defeat it: *Peoria M. & F. Ins. Co. v. Perkins* 16 Mich. 380 ; *Ætna Live Stock Ins. Co. v. Olmstead* 21 Mich. 246 ; *O'Brien v. Ohio Ins. Co.* 52 Mich.. 131.

SHERWOOD, J. This action is upon a policy of insurance issued by defendants August 27, 1878, to recover damages for loss by fire. The property was destroyed on the 28th day of August, 1879, and consisted of barns, sheds, hay, grain, carriages, harness and farm implements claimed to be of the value of $2200.

Defendant contested the claim of the plaintiffs upon the following grounds: *First*, they falsely represented in their application for insurance that they owned the property insured; *second*, they falsely represented the amount of incumbrance thereon, and upon the farm ; *third*, they fraudulently concealed the facts in relation to the title to the property and incumbrances thereon, and upon which reliance was placed by defendants in making the policy ; *fourth*, after the making of the policy plaintiffs placed incumbrances upon the property without giving defendant notice ; *fifth*, that part of the property at the time of its destruction, had been seized and taken on execution, and they did not own any of the property at the time of the fire ; *sixth*, that the fire occurred through the agency of plaintiffs, and was not accidental ; *seventh*, that plaintiffs swore falsely in making the proofs of loss. The cause was tried by jury, and the plaintiff obtained judgment at the circuit for $1936.44. Defendant brings error.

The first, fifth, ninth, sixteenth, nineteenth and twentieth assignments of error were very properly abandoned on the argument, as we discover nothing in them of which the defendant can rightly complain ; and we have been unable to discover any error in the admission or rejection of testimony

by the circuit judge. The exceptions taken to the charge, therefore, only remain to be considered; and only such as were discussed by counsel for defendant do we deem it necessary to review.

The defendant's request stated in the tenth assignment of error was properly refused. There was really nothing to base it upon. No statement is contained in the application as to mortgages. The Nichols mortgage was the only one on the property at the time referred to. The others had all been paid. It appears from the record that the defendant, by its secretary, filled out the application for insurance in this case, (which was a written one;) and if it is not as full or as perfect as the rules of the company required, or omitted to give information desirable to the insurer, further statements should have been called for by the company. This was not done, but on the contrary, upon such statements and facts as they called for and were made by the insured, the defendant issued its policy and assumed the risk; and not until the loss actually occurred and had substantially been adjusted was any complaint made. Then when discovery was made of the neglect of its own officer, defendant sought to take advantage of it by defeating the effect of its contract. Good faith and fair dealing will not allow this to be done. The defendant must be deemed to have waived any further statement than was made in the application; but there is nothing in the contract between the parties which would render the policy void, even though the full amount of the incumbrances were not disclosed, if no fraud was intended.

These views substantially dispose of the defendant's twelfth, thirteenth, fifteenth and seventeenth assignments of error, which involve the same considerations.

The fourteenth assignment of error relates to the refusal of the court to charge the jury that if either plaintiff incumbered the property insured without notice to or consent of the company it would render the policy void. No error was committed in this refusal. There is nothing contained in the by-laws or contract of insurance making void the policy under such circumstances. Neither is there anything in the

record showing the hazard was increased by the mortgages claimed. Chattel mortgages upon growing crops, until harvested, do not come within the condition of this policy as to notice. By the terms of the contract of insurance the policy becomes void or of no effect only upon the happening of one of the following events: *First,* when an assessment is not paid after notice, as required by the by-laws of the company; *second,* when the premium is overdue and unpaid on a note given therefor; *third,* if, in making statement of loss by the insured, "there be any *fraud or false swearing, with fraudulent intent.*"

The defendant's twenty-first assignment of error relates to the charge of the court that notice of subsequent incumbrances was only required to be given, under the by-laws, when such incumbrances increased the hazard, and if not given would not render the policy void. We find no error in this charge. The only reference to the subject is that which is contained in by-law 8, which says: "All notices of other insurance, increased hazard by mortgage, or whatever else may affect the rights and privileges of the parties, must be made to the secretary, and his approval endorsed thereon." It will be noticed that the failure to give notice is not made to avoid the policy; but, aside from this, we think the court was entirely correct when he stated there was no evidence showing increased hazard.

The defendant excepts to the following charge given by the court, being the twenty-third assignment of error: "That to defeat the plaintiff's right to recover upon the basis of false swearing, you must not only find that he swore to that which was false, but that he did so with fraudulent intent; and in weighing the question of false swearing with fraudulent intent, it is your duty to take into consideration the knowledge that the affiant, Mr. Tiefenthal, had of the facts that he is alleged to have sworn to, and it is for you to determine what statements in that paper or items he understood he was swearing to. If you should come to the conclusion from the evidence that any of the items that he understood he was swearing to were false, you will then

inquire whether he made it with a fraudulent intent; that is to say, with an intent knowingly to get a greater price for an article than he knew it to be worth, or to get pay for articles that he knew he had not lost." We think this instruction properly construed the contract of the parties upon this subject, and applied the law correctly.

The court charged that if they found the loss to be the amount stated in their proofs, and as agreed upon by the terms of the contract, they should find their verdict for two-thirds thereof, with interest. This charge corresponds with the terms of the policy, and the instruction was proper.

A careful examination of this record satisfies us that a fair and impartial trial has been had, and that no error was committed by the circuit judge.

The judgment must be affirmed.

The other Justices concurred.