## A. J. CRITTENDEN, Appellee, v. SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, Appellant.

1. **Fire Insurance**: APPLICATION: REPRESENTATIONS: MUTUAL MISTAKE. Upon application for insurance upon certain store fixtures and other property in a building, the applicant informed the agent for the insurance company of a mortgage upon the real estate, but no mention thereof was made in the written application because of the mutual belief that the fixtures were not covered thereby. *Held*, that such omission did not invalidate the policy issued upon such application, under a provision therein that any false representation by the assured of the condition or situation of the property, or any omission to make known every fact material to the risk should render the policy void.

2. ———: ———: ———: PLEADING: EVIDENCE. In an action on said policy the defendant plead as a defense, that the insured had concealed from the defendant the existence of said mortgage. *Held*, that, under the issue thus joined, evidence that the existence of the mortgage was communicated to the agent was admissible without any plea of waiver of the condition in the policy.

3. ———: INCREASE OF RISK: CONDITIONS OF POLICY: CONSTRUCTION. Under a provision in a policy that if "the risk be increased by any means whatever within the control of the assured," it should avoid the policy, whether the subsequent execution of a mortgage upon the insured property has such effect is a question of fact to be determined in view of the circumstances of the particular case.

4. ———: COURT FINDINGS: EFFECT ON APPEAL. Where the evidence is conflicting, the findings of the district court are conclusive as to the facts found upon appeal to the supreme court.

5. ———: PROOFS OF LOSS: AMOUNT OF RECOVERY.  The amount recoverable upon a policy of insurance will not be limited to the amount of the loss named in the proofs of loss, where the latter, through mistake, represent the amount to be less than the loss actually incurred.

*Appeal from Pottawattamie District Court.*—HON. C. F. LOOFBOUROW, Judge.

THURSDAY, MAY 26, 1892.

ACTION on a policy of insurance. There was a judgment for the plaintiff, and the defendant appeals. *Affirmed.*

*N. M. Pusey*, for appellant.

*Wright & Baldwin*, for appellee.

GRANGER, J.—The district court found the following facts and conclusions:

"*First.* On the twenty-first of November, 1883, the defendant issued to J. P. Creager its policy insuring said Creager against loss or damage by fire for the period of one year on property and in amounts as follows: One thousand, five hundred dollars on his general stock of merchandise, consisting of dry goods, millinery, notions, ready-made clothing, hats and caps, boots and shoes, groceries and provisions, queensware, glassware, crockery and such other merchandise, not more hazardous, as is generally kept in a general notion store; and six hundred dollars on his store furniture and fixtures, consisting of counters, shelving, show cases, fire-proof safe, and all other usual store furniture and fixtures,—all contained in the one-story brick store building situated on lots 1 and 2, in block 21, Logan, Iowa, subdivision of said lots C. and D.

"*Second.* The building in which the insured property was contained had been erected by said Creager prior to the issuance of said policy, for his use as a

general store. The shelving therein (being a part of
the property insured) rested upon the floor, and was
nailed thereto, and was also nailed to wooden strips
imbedded in the walls for that purpose, and was placed
in the building by Creager for use therein in connec-
tion with the building as a store-room, although such
shelving could be removed without injury to the build-
ing, other than the drawing out of the nails which held
it in place. The building was a brick structure, perma-
nent, and a part of the realty.

"*Third.* At the time the insurance in question was
written the realty was incumbered by a mortgage to
one Charles L. Mark, executed by Creager. The agent
of the defendant, who took the application and issued
the policy, was informed by Creager at the time of
taking the application, and knew, of the existence of
this mortgage. Both he and Creager supposed it did
not cover any part of the property insured, and for this
reason no mention was made of it in the application.

"*Fourth.* On the eleventh day of January, 1884,
one G. B. Seekell filed in the office of the clerk of the
district court of Harrison county a mechanic's lien
upon real estate, of which the building containing the
insured property was a part, to secure a claim of five hun-
dred and sixty dollars and eighty-five cents for lumber
furnished by him to said Creager for the construction of
said building and the counters and shelving therein.
This claim was unsatisfied at the time of the loss of the
property insured.

"*Fifth.* On the twenty-ninth day of February,
1884, said Creager and wife conveyed the real estate, of
which the building containing the insured property was
a part, by deed absolute on its face, to one P. Cadwell,
and took back an instrument in writing showing that
said deed was executed to said Cadwell, and deposited
as collateral security for payment of the debt of two
thousand, seven hundred dollars which Creager owed

to 'Cadwell's bank;' said instruments being parts of one and the same transaction, and together constituted a mortgage of Creager to secure said debt. This incumbrance was unsatisfied at the time of the loss of the property insured.

"*Sixth.* At the time when the insurance in question was written, the value of the property owned by Creager and covered by such insurance was greater than the total amount of insurance written thereon.

"*Seventh.* The property insured was totally destroyed by fire on the eighth of August, 1884, and on the same day, and after the loss, the policy of insurance in suit, and all claims under it, were duly assigned by said Creager to A. J. Crittenden, the plaintiff herein.

"*Eighth.* After the insurance in question was written, and before the loss of the property insured, some negotiations were had between Creager, the assured, and one A. K. Grow, looking to the formation of a partnership between them in the mercantile business then being carried on by Creager. But no copartnership agreement was ever consummated between them, and said Grow never in fact acquired any interest in any part of the property insured.

"*Ninth.* On the sixteenth day of August, 1884, said Creager, the assured, signed and delivered to the agent of the defendant, who was authorized to receive the same, written proofs of loss, which are in evidence in this cause. These proofs were made up by said agent of the defendant with the assistance of Creager. Said agent was informed and had knowledge, at the time when said proofs were made, of the existence of the Mark mortgage, and of the deed to Cadwell, and of the assignment of the policy to Crittenden. There was no fraud or concealment, nor any attempt at fraud or concealment, on the part of said Creager, in making of said proofs. The said proofs of loss were incorrect in the following particulars: *First.* They represented

that the insured property was free from any incumbrance. This was true, except as to the shelving in the store building, which, being part of the property insured, was part and parcel of the realty, and as such was covered by the Mark mortgage and by the Cadwell mortgage and by the mechanic's lien of Seekell. And, *second*, they represented the total amount of loss to be four thousand, three hundred and three dollars and seventeen cents, when in fact the total amount of the loss was much greater than that sum, and was fully equal to the total amount of insurance upon the property.

"And the foregoing being all of the material facts in the case, the court, as conclusions of law thereon, finds that the policy of insurance in suit was in full force at the time of the loss of the property insured, and that the plaintiff is entitled to recover the full sum insured thereby, to-wit, the sum of two thousand and one hundred dollars, with interest on said sum at the rate of six per centum per annum from the sixteenth day of October, 1884."

I. It is provided in the policy that for "any false representations by the assured of the condition, situation, or occupancy of the property, or any omission to make known every fact material to the risk, * * * this policy is void." The policy in terms covers certain shelving and fixtures of the building, as found by the district court; and on the building was a mortgage to one Mark; and it is claimed that "the failure of Creager to make this fact known to the company was the suppression by him of a truth which, under the * * * conditions of the policy, he should have disclosed," and renders the policy without force. The district court found that the facts as to the mortgage were known when the application was made, and that Creager informed the agent, but both supposed that it

*1. Fire insurance: application: representations: mutual mistake.*

did not cover the property insured; by which we understand that they did not regard the fixtures a part of the realty. Nothing in the conditions of the policy required Creager to become the legal adviser of the company. The most that they required was that he should state the facts, which he did. The mortgage was upon the building, and the fixtures were a part of it. The company was in possession of all the facts known to Creager, and under such circumstances there could be no suppression of the truth.

II. A point is made as to the condition of the pleadings, and that no waiver is pleaded. The answer avers that Creager concealed and kept from the defendant all knowledge of the existence of the mortgage. It is an affirmative defense, and the law makes a denial. The proofs do not sustain the defense. Notice to the agent was notice to the company, and the failure to indorse the incumbrance on the policy was because both the company and Creager were in error as to the law applicable to the facts. This thought is conclusive as to the point urged as to the admissibility of the evidence to show that Creager told the agent of the existence of the mortgage, it being contended that such testimony was inadmissible in the absence of a plea of waiver.

2. ——: ——: ——: pleading: evidence.

III. On the twenty-ninth day of February, 1884, Creager made to P. Cadwell a deed of the premises, which the court found to have been intended by the parties to it as a mortgage, to secure two thousand, seven hundred dollars, and the finding has full support in the evidence. It is urged that even as a mortgage it was such a violation of the conditions of the policy as to avoid it. "Condition 1" of the policy provides that, if "the risk be increased by any means whatever within

3. ——: increase of risk; conditions of policy: construction.

the control of the assured," it shall be void. This is the only provision of the policy which we find that can be construed as against subsequent incumbrance. It is a sort of blanket provision, without such specification as to give it legal exactness—that is to enable the law, from the language used, to define the intent of the parties; as, by specifying incumbrances or other facts that would increase the risk, not comprehending, in a literal sense, so much as to indicate that less was really intended. It is not to be known from the language of the policy the particular facts that the parties contemplated would increase the risk. The striking of matches for lighting lamps or fires, increasing the number of fires, increasing the number of lodgers in the building, the changing or increasing of employees, and very many other facts would increase such a risk, but it is not to be believed that it was contemplated that all of such increases of risk were designed to render the policy void. It was competent for the parties to specify facts that should increase the risk, and where it is not done, but such general language is used, it is, we think, a question of fact for the court whether a particular fact, claimed to increase the risk, was really one that the parties contemplated or not, or, perhaps, whether a particular fact did amount to an increase of the risk. It is, likely, generally true that an incumbrance that lessens the interest of the assured in the property adds to the risk of the insurer, but collateral facts may vary the rule. The usual custom is to provide in terms, in the policy, against incumbrance except by permission of the company, and where it is not done, as in this case, we are not prepared to hold as a matter of law that the parties designed it. The district court must have found that the incumbrance was not a breach of the conditions, for it found the fact of the incumbrance, and yet sustained the policy.

IV. There is a claim that there was a partnership formed between Creager and Grow that rendered the policy void. The evidence was in decided conflict on the point, and the finding of the court below concludes us.

*4. ——: court findings: effect on appeal.*

V. In the proofs of loss the total amount stated was four thousand, three hundred and three dollars and seventeen cents. On this basis the proportion of the defendant company would be less than the judgment entered below, but the court found the total loss greater than that stated in the proofs of loss, and greater than the aggregate amount of insurance, which would make the defendant company liable for the face of the policy; and that, with interest accrued, is what the judgment is for. It is urged that the proofs of loss should be conclusive as to the amount recoverable. Whatever should be the general rule in this respect, it is sufficient to say that the court found that the agent of the company really prepared the proofs of loss with the assistance of Creager, and that in making such proofs "there was no fraud or concealment, nor attempt at fraud or concealment on the part of said Creager." If, then, the proofs did not represent the actual loss, no less can be said than that it was a mistake, and no mistake thus made should be permitted to limit a recovery.

*5. ——: proofs of loss: amount of recovery.*

The judgment is AFFIRMED.