PETRANEK, Appellant, v. BOHEMIAN FARMERS' MU-
TUAL INSURANCE COMPANY, Respondents.

(184 N. W. 798.)

(File No. 4925.   Opinion filed October 19, 1921.   Rehearing denied
November 22, 1921.)

**1.   Insurance—Mortgaging Property Without Insurer's Consent, As
Increase of Hazard—Statute Construed.**

Under Sec. 9199, Code 1919, containing among other pro-
visions one to the effect that the policy, unless otherwise pro-
vided by agreement endorsed thereon or added thereto, shall
be void if "the hazard be increased by any means within the
control or knowledge of the insured," and another that "if the
subject of insurance be personal property and be or become
encumbered by a chattel mortgage," and "if, with the knowledge
of the insured foreclosure proceedings be commenced or notice
given of sale of any property covered by the policy by virtue of
any mortgage or trust deed," and considering all clauses of
the standard form of policy embraced in said sections together,
and applying the rule "expressio unius est exclusio alterius,"
it is clear the Legislature intended that giving of a mortgage
upon realty without permission of insurer would not neces-
sarily void the policy, while giving of a chattel mortgage upon
personalty would do so, and that in case of realty only the
beginning of foreclosure, with knowledge of insured, would
void the policy.

**2.   Same—Whether Mortgaging Realty Increases Hazard, As Ques-
tion for Jury.**

. Under the present form of standard policy (Sec. 9199, Code
1919) the question whether giving of a mortgage on realty
increases the hazard is one of fact for jury; since a mortgage
small in amount relatively to value of insured property might
not increase, while one for its approximate value might increase
the hazard, and other circumstances, with or without consider-
ation of amount of mortgage, might influence jury's determi-
nation.

Smith and McCoy, JJ., not sitting.

Appeal from Circuit Court, Yankton County.   Hon. ROBERT
B. TRIPP, Judge.

Action by Peter Petranek, against the Bohemian Farmers' Mutual Insurance Company, a corporation, to recover upon a policy of fire insurance. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and remanded for new trial.

*Lars A. Bruce,* and *H. A. Doyle,* for Appellant.
*French, Orvis & French,* for Respondent.

GATES, J. The sole question presented by this appeal is whether the giving of a mortgage upon real property, without the knowledge or consent of an insurer against loss by fire, avoided the insurance policy which was in the standard form prescribed by section 9199, Rev. Code 1919. More specifically, the question is whether the giving of the mortgage amounted to an increase of hazard within the meaning of that portion of said section which provides:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if * * * the hazard be increased by any means within the control or knowledge of the insured."

From a judgment favorable to the defendant insurer, the plaintiff, the insured, appeals.

In Lawver v. Globe Mut. Ins. Co., 25 S. D. 549, 127 N. W. 615, this court construed the then standard form of fire insurance policy, viz., section 2, c. 126, Laws 1905, which provided:

"This policy shall be void * * * if without such assent the situation or conditions affecting the insured property shall be altered so as to materially increase the hazard, if such increase of hazard be occasioned by the act or agency of the insured."

It was there held that the giving of a mortgage upon the property increased the hazard as a matter of law.

[1] Perhaps the meaning of the above quotations is not materially different if those provisions were the only ones which throw light upon the legislative intent in the adoption of the standard form of fire insurance policy, but the Legislature of 1909 materially altered the standard form of fire policy as it appeared in the act of 1905, and made it read as it now appears in Rev. Code 1919, § 9199. In that section there are two clauses by which the policy is avoided, which were not in the act of 1905, viz.:

"If the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

"If with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed."

Considering all of the clauses of the present standard form of policy together and applying the rule, "Expressio unius est exclusio alterius," we think it clear that the Legislature intended that the giving of a mortgage upon real property without the permission of the insurer would not necessarily avoid the policy, while the giving of a chattel mortgage upon personal property would do so, and that in the case of real property it is only the beginning of foreclosure proceedings, within the knowledge of the insured, that would necessarily avoid the policy.

For these reasons we conclude that the decision in Lawver v. Globe Mut. Ins. Co., supra, is not applicable to the present form of standard fire insurance policy.

[2] Under the present form of standard policy, we are of the opinion that the question whether the giving of a mortgage on real property increases the hazard is a question of fact for the jury to determine. Crittenden v. Springfield R. & M. Ins. Co., 85 Iowa, 652, 52 N. W. 548, 39 Am. St. Rep. 321; Collins v. Merch. & Bankers' Mut. Ins. Co., 95 Iowa, 540, 64 N. W. 602, 58 Am. St. Rep. 438; Tiefenthal v. Citizens' Mut. Fire Ins. Co., 53 Mich. 306, 19 N. W. 9; Clark v. Union, etc., Ins. Co., 40 N. H. 333, 77 Am. Dec. 721.

A mortgage small in amount relative to the value of the insured property might not increase the hazard, while a mortgage for the approximate value of the insured property might increase it. Other circumstances either with or without the consideration of the amount of the mortgage, might influence the determination of the question of fact.

For the error of the trial court in determining as a matter of law that the giving of the mortgages increased the hazard, the judgment appealed from must be reversed, and the cause remanded for a new trial.

It will be so ordered.

SMITH and McCOY, JJ., not sitting.