NEMOJESKI, Appellant, vs. BUBOLZ MUTUAL TOWN FIRE INSURANCE COMPANY, Respondent.

*December 7, 1955—January 10, 1956.*

The cause was submitted for the appellant on the brief of *Kaftan, Kaftan & Kaftan* of Green Bay, and for the respondent on the brief of *Byrne, Bubolz & Spanagel* of Appleton, and *Lehner, Lehner & Behling* of Oconto Falls.

GEHL, J.    The policy provision upon which the Insurance Company relies is as follows:

"Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring while the hazard is increased by any means within the control or knowledge of the insured."

The plaintiff contends that the hazard was not increased within the meaning of the provision by the giving of the

second mortgage; that the hazards referred to are only those resulting from physical change. ·

The precise question was before the court in *Crittenden v. Springfield Fire & Marine Ins. Co.* (1892), 85 Iowa, 652, 52 N. W. 548. The court, in holding that the question whether the subsequent execution of a mortgage upon the insured property has the effect of increasing the hazard is a question of fact to be determined in view of the circumstances of the particular case, said (p. 658) :

"It was competent for the parties to specify facts that should increase the risk, and where it is not done, but such general language is used, it is, we think, a question of fact for the court whether a particular fact, claimed to increase the risk, was really one that the parties contemplated or not, or, perhaps, whether a particular fact did amount to an increase of the risk. It is, likely, generally true that an incumbrance that lessens the interest of the assured in the property adds to the risk of the insurer, but collateral facts may vary the rule."

In *Collins v. Merchants & Bankers Mut. Ins. Co.* (1895), 95 Iowa, 540, 64 N. W. 602, it was insisted by the defendant fire insurance company that the court should hold as a matter of law that the execution of a mortgage upon the property insured increased the hazard. The claim was rejected and, upon the authority of the *Crittenden Case,* the court held that the question was one of fact for the jury. In *Petranek v. Bohemian Farmers' Mut. Ins. Co.* (1921), 44 S. D. 550, 184 N. W. 798, the court also held that the question is one of fact for the jury and said (p. 552) :

"A mortgage small in amount relative to the value of the insured property might not increase the hazard, while a mortgage for the approximate value of the insured property might increase it. Other circumstances either with or without the consideration of the amount of the mortgage, might influence the determination of the question of fact."

This court has not had the precise question before it. But in *Redmon v. Phoenix Fire Ins. Co.* (1881), 51 Wis. 292,

8 N. W. 226, the court, dealing with the question whether a mechanic's lien was an incumbrance within the meaning of the provisions of a fire policy, used language which we think is applicable here. The court said (pp. 300, 301) :

"All such incumbrances [mortgages, judgments, and mechanic's liens] affect what counsel called the 'moral hazard.' . . . Obviously, the inducement to bring about loss by fire would be far greater in one who is insolvent, having an insurance upon property incumbered for more than it is worth, than in one free from debt and perfectly responsible."

The "moral hazard" of which the court speaks and as the term is used in insurance law, is the risk or probability that the insured will destroy or permit to be destroyed the insured property for the purpose of collecting the insurance, and any change in the circumstances which will tend to increase the danger that the insured will destroy the property for the purpose stated is a "moral hazard." *Knowles v. Dixie Fire Ins. Co.* (1933), 177 La. 942, 149 So. 528; *Glens Falls Ins. Co. v. Michael* (1905), 167 Ind. 659, 74 N. E. 964; *Davenport v. Firemen's Ins. Co.* (1924), 47 S. D. 426, 199 N. W. 203. We are not to determine in this case that the hazard has or has not been increased by reason of the execution of the second mortgage. Whether it has can be resolved only after consideration of the facts and circumstances which might properly influence the determination.

If, for example, the property were incumbered by mortgages aggregating an amount in excess of the value of the property and the insured had a valued policy, also in an amount exceeding the value of the property, it is reasonable to assume that the moral hazard would be increased, because the interest of the insured to protect his property would undoubtedly be lessened. We refer to these possible circumstances, not to suggest that there is a suspicion in this case that they exist, but to demonstrate that certain facts must be determined before it can be said that the hazard is or is

not increased. A provision in a policy of fire insurance against an increase of risk or hazard "contemplates an alteration in the situation or circumstances affecting the risk which would materially and substantially enhance the hazard, as viewed by a person of ordinary intelligence, care, and diligence." 29 Am. Jur., Insurance, p. 530, sec. 677. The rule so stated demonstrates clearly that the issue is one of fact to be determined by a jury.

*By the Court.*—Order affirmed.