## ELLIS v. THE STATE INS. CO.

1. **Insurance**: INCUMBRANCE OF PROPERTY. Where a policy of fire-insurance provided: "If the title of the property is transferred, encumbered or changed, this policy shall be void," and the insured property was encumbered by mortgage when the policy was given, and continued to be so encumbered up to and at the time when it was destroyed by fire, *held* that the policy was void.

### Appeal from Appanoose Circuit Court.

WEDNESDAY, OCTOBER 3.

ACTION on a policy of insurance against loss by fire on a general stock of merchandise. Trial by jury, verdict and judgment for the plaintiff. The defendant appeals.

*J. B. Johnson, W. G. Clark* and *Geo. D. Porter,* for appellant.

*Tannehill & Fee,* for appellee,

SEEVERS, J.—The policy was issued to E. R. Ellis & Co., and assigned to the plaintiff, on December 23 1881.

The policy contained the following provision: "If the title of the property is transferred, encumbered or changed, this policy shall be void." The defendant sought to prove that the assured, on the sixth day of December, 1881, had executed a mortgage on the insured property, and that the same was an existing encumberance thereon at the time the property was destroyed by fire. The evidence was rejected by the court, as we think, erroneously. Counsel for appellee maintain that the provision of the policy that "if the title of the property is transferred or changed" refers alone to the title, as contra-distinguished from the property insured, and that an encumbrance by mortgage does not render the policy void. But we think the only fair and reasonable construction of the condition of the policy is that if the property is encumbered the policy is void. The intention was to render the policy

void, if the interest of the assured was rendered less than it was when the policy was issued; for thereby the risk would undoubtedly be increased, because of the temptation on the part of the assured to improve his condition by voluntarily setting out the fire, or failing to exert himself to prevent a total destruction of the property when the fire was accidental.

It is impossible, it seems to us, to encumber property without affecting or rendering less valuable the title thereto. The title to the property in question was encumbered. A mortgage, it seems to us, necessarily has such an effect. This being so, it is useless to cite authority to show that the evidence offered should have been admitted, for, if the claimed fact existed, then there can be no recovery on the policy.

