## MALLORY v. THE FARMERS' INS. CO. OF CEDAR RAPIDS.

1. **Insurance:** PROVISION AGAINST INCUMBRANCE: BREACH OF: FACTS CONSTITUTING. Where the property insured was a creamery owned by the plaintiff, but erected on her husband's land, and the policy provided that it should become void in case the insured property was encumbered without the consent of the company, and afterwards plaintiff joined her husband in a mortgage of the land, without reserving the creamery, *held* that the mortgage covered the creamery, and rendered the policy void.

<em>Appeal from Buchanan Circuit Court.</em>

FRIDAY, DECEMBER 12.

ACTION on a policy of insurance against loss or damage by fire. Trial by jury, verdict and judgment for the plaintiff, and the defendant appeals.

*F. C. Hormel* and *C. E. Ransier*, for appellant.

*Woodward & Cook*, for appellee.

SEEVERS, J.—I. The property insured consisted of a frame building used as a creamery, and certain personal property therein. The policy contained the following provision:

"This policy shall become void in each of the following instances, unless noted in the application or consented to by the secretary in writing herein, viz.: If the property in said policy or any part thereof be in any manner whatever encumbered." It was stated in the application that the creamery building was not incumbered, but that the land on which it was situated was incumbered by a mortgage for $1,400. The land was owned by the plaintiff's husband, but the creamery was owned by the plaintiff, or at least the evidence tended to so show. The mortgage was executed in 1872 by the plaintiff and her husband. Afterwards, in 1877, the plaintiff, with her own money, under a parol license from her husband, as she claims, erected the creamery building on the mortgaged premises. The policy was executed in 1881, and counsel for the plaintiff insists that the mortgage did not create an incumbrance on the building because of its having been erected as above stated; that it did not become a part of the realty, but that it could have been sold on execution against the plaintiff, and removed without the consent of the mortgagee. Authorities are cited sustaining this proposition, and, without stopping to determine its correctness, it will be conceded. This being done, it follows that the creamery building was not incumbered at the time the policy was issued.

Afterwards, in September, 1882, the plaintiff and her husband borrowed $1,700 of one Peck, and to secure the same executed a mortgage on the land on which the creamery building was situated. This mortgage was given for the purpose in part of paying the prior mortgage on the land, and when the mortgage to Peck was executed the prior mortgage was released. The Peck mortgage, without a doubt, was an incumbrance on the building. It was situated on the real estate and attached thereto, and was in no manner reserved from the operation of the mortgage, nor is there any evidence tending to show that Peck had knowledge that it had been erected under a parol license, or that it was not appurtenant

to the real estate. The court instructed the jury as follows: "If you believe from the evidence that, at the time the application was made, the plaintiff stated to the agent, Cummings, that her husband owned the land upon which the insured property was situated, and that she owned the creamery and the property insured; and that, in fact, the title to the land was in her husband, and the property insured was, in fact, owned by her; and that she also stated that there was no incumbrance upon the creamery and all of the property insured, and there was in fact none; and she stated that there was an incumbrance upon the land of $1,400,—then you are instructed that the defense set up in paragraph seven of these instructions is not sustained." This instruction is clearly erroneous, because of the fact above stated, that the Peck mortgage was an incumbrance on both the land and building, and the court should have so directed the jury.

REVERSED.