RUSSELL v. THE CEDAR RAPIDS INSURANCE COMPANY.

1. **Fire Insurance :** ACTION ON POLICY : BREACH OF CONDITIONS AS TO ENCUMBRANCE : EVIDENCE. Action on a policy of fire insurance, in which it was provided that "if the risk be increased in any manner * * *, or if the property be sold, or any change take place in the title, or if the assured mortgages or encumbers the same without the consent of the secretary of the company, * * * then the said policy is void." The insured property was situated on a farm which was encumbered at the time of insurance. Part of the farm was afterwards sold, and the encumbrance on the remainder was reduced in amount, but the uncontroverted evidence showed that the amount of encumbrance on the unsold portion was proportionately greater than upon the whole farm when the policy was written. *Held* that there was a breach of the condition, and that plaintiff could not recover. (Compare former opinion in same case, 71 Iowa, 69.)

2. —— : —— : WAIVER OF CONDITIONS BY AGENT : AUTHORITY : EVIDENCE. In such action evidence of statements made to and by defendant's soliciting agent, in regard to a contemplated sale of a portion of the land and a change of the encumbrance, was improperly admitted over defendant's objection, where it was not claimed that the agent had any authority to approve, modify or reject applications, or to waive any conditions in policies issued.

3. —— : —— : INCREASE OF RISK : EXPERT TESTIMONY. Experts in fire insurance may properly be permitted to testify as to whether a change in the use of the insured property in a certain respect increased the risk.

4. —— : —— : —— : BOOK OF RATES AS EVIDENCE : FOUNDATION. On the question whether a change in the use of the insured premises increased the risk, a published classification of risks, based upon actual observation and experience as to the causes of fires, and which is received as authority in insurance business, would be admissible; but when a book was identified by a witness as the rules of the "Iowa Board of Underwriters," covering the rates of premium for the state of Iowa, and he testified that "the Iowa Union of Underwriters is an organization of insurance men representing the various insurance companies that are authorized to do business in the state of Iowa," *held* that this was not a sufficient foundation for the admission of the book.

[ROBINSON, J., assents to the conclusion reached, but not to all the grounds on which it is based.]

*Appeal from Humboldt District Court.*—HON. GEORGE
H. CARR, Judge.

FILED, JUNE 7, 1889.

ACTION upon a policy of insurance against loss by
fire on a barn and "on hay in the barn, or in stack on
cultivated land." The policy is based upon an applica-
tion which is made a part thereof. It is provided in the
policy that, if any false statements are made in the
application, or if the risk be increased in any manner
except by the erection and use of outbuildings, or if the
property be sold, or any change take place in the title,
or if the assured mortgages or encumbers the same
without the consent of the secretary of the company,
or if the premises be used for any other purpose than is
mentioned in the application, without the consent of
said secretary in writing, then said policy is void. The
application states that the property insured is situated
on a certain two hundred and eighty acres of land,
described, in Humboldt county; that applicant is the
absolute owner thereof; that the title is in her name;
that it is encumbered to the amount of sixteen hun-
dred dollars; that the building is kept by the owner for
farm purposes; and that the land is worth twenty dol-
lars per acre. The defendant, answering, alleges,
among other things, that the policy became and was
void before the alleged loss, because the plaintiff sold
two hundred acres of said land, encumbered the insured
property by a mortgage for one thousand dollars, and
permitted numerous judgments to be entered against
her in the circuit and district courts of said county,
aggregating about one thousand dollars, and encumbered
said hay by mortgage to the Humboldt County Bank,
June 9, 1884, without the consent of said secretary;
and that the plaintiff used said barn as a building in
which to operate a hay-press, with the machinery apper-
taining thereto, without the consent of said secretary,
and by which use said risk was greatly increased. The
plaintiff, in reply, admits that she sold a portion of the

two hundred and eighty acres, and alleges that she did so with the knowledge and consent of defendant, and that the part sold did not include the property insured; that the mortgage of one thousand dollars on the land was a renewal of the sixteen-hundred-dollar mortgage referred to in the application, six hundred dollars thereof having been paid; that the value of the property was increased by improvements in the sum of two thousand dollars. Plaintiff denies that the judgments were encumbrances upon the premises on which the insured property was situate, because the same was her homestead; denies the execution of the mortgage on the hay; and denies that she used the barn for any other purpose than that stipulated in the application. Trial by jury. Verdict and judgment for plaintiff. Defendant appeals.

*C. J. Deacon*, for appellant.

*A. E. Clark* and *P. Finch*, for appellee.

GIVEN, C. J.—I. On the former appeal herein (71 Iowa, 69), it was held that " the renewal or change of the encumbrance was not necessarily a breach of the condition of the policy. If the encumbrance remaining upon the land unsold should be less in proportion to the quantity than was upon the land when the policy was issued, there was surely no breach of the condition against encumbrances; or if, for any reason, the hazard should not be increased by the change, so that no higher rate of premium would be demanded, there would arise no violation of the condition. The question, then, in order to determine whether there has been a breach of the condition, is this : Was the risk increased, or was defendant's security decreased, by the change of the encumbrance ? This is a question of fact, and should have been left to the jury." We think the same rule applies to a sale of parts of the land and purchase of other lands, and to any change in the use

*Margin note:* 1. FIRE insurance: action on policy: breach of conditions as to encumbrance: evidence.

made of the insured premises. It was proper for the jury to determine what changes, if any, had been made in the encumbrances, title or use of the premises, and whether by such change the risk was increased, or the defendant's security decreased. Though there were changes in the respects alleged, if they did not increase the risk, or decrease the security, then there was no breach of the conditions as to title, encumbrance or use; but, if there was such a change, in either respect, as did increase the risk, or decrease the security, then there was a breach of the condition. The testimony set forth in the record shows beyond controversy that, notwithstanding the payment of six hundred dollars of the encumbrance, the sale of part of the lands upon which the sixteen hundred dollars encumbrance rested, and the renewal of the encumbrance on the remaining lands, was, in fact, an increase of the encumbrance upon the lands unsold. It also appears that the plaintiff's interest in the lands purchased was not equivalent to her interest in the lands sold, and, hence, there was a decrease of the security to the defendant. Under the state of the evidence we think the court should have sustained the defendant's motion for verdict, on the ground that the uncontroverted evidence shows an increase of the encumbrance and a decrease of the security.

II. On the trial the plaintiff was permitted to prove, over the objection of the defendant, what was said to and by one Bangs, in relation to a contemplated sale of part of the land, about renewing part of the sixteen-hundred-dollar mortgage and about using a hay-press in the barn. It appears that Bangs was a soliciting agent for the defendant, and took the application of the plaintiff. It is not claimed that he made any mistake in taking said application, or that he had any authority to approve, modify or reject applications, or to waive any conditions in policies issued. The plaintiff claims the right to introduce this evidence, as tending to show notice to the company that part of the land had been sold, that the

2. —: —; waiver of conditions by agent: authority: evidence.

encumbrance was changed, and that a hay-press was being used. Notice to a corporation must be to an officer or agent charged under the law, or by virtue of his office or agency, with respect to the matter about which the notice is given. *Cook v. City of Anamosa*, 66 Iowa, 427. As Bangs had no authority to waive any of the conditions of the policy, notice to him was not notice to the company, and the court erred in admitting that testimony.

III. One of the issues to be determined was whether the operation of a hay-press in the barn was a different use from that mentioned in the application, and whether such use increased the risk. The defendant called C. D. Van Vetchen and G. S. Garfield. Van Vetchen testifies to three years' experience in insurance, and Garfield to not quite six years'. Several questions were put to each of these witnesses, tending to show in what list or class a barn in which is operated a hay-press by horse-power would be placed for purpose of insurance, and as to whether such risk is considered more hazardous by insurance companies than a barn used for ordinary purposes, to each of which the plaintiff objected as immaterial and incompetent, and objections were sustained. Some of the questions put to these witnesses called for the opinion of the witnesses as to whether the use of a hay-press increased the risk, while others called for the classifications made by insurance companies. It being a question as to whether the use of a hay-press increased the risk or not, we think the witnesses should have been permitted to give their opinion on that subject; but, as a book was produced and offered as showing the classification by insurance companies, we think that, rather than the recollection of the witnesses, was the best evidence as to such classifications. The book produced and offered was identified by Mr. Van Vetchen as the rules of the "Iowa Board of Underwriters," covering the rates of premium for the state of Iowa. He testified that "the Iowa Union of Underwriters is an organization of insurance men representing the various insurance companies

*Marginal notes:* 3. increase of risk: expert testimony. 4. book of rates as evidence: foundation.

that are authorized to do business in the state of Iowa." Upon this identification the defendant offered certain parts of said book in evidence, showing the classification of barns in which hay-presses were used, to which the plaintiff objected, and objection was sustained. There was no error in sustaining this objection. To be entitled to have the book received in evidence, the defendant should have made the proper preliminary proofs to the court. If the Iowa Union of Underwriters have prepared a classification of risks, based upon actual observation and experience as to the cause of fires, that is received as authority in insurance business, such classification would be entitled to consideration in determining whether one use was more hazardous than another; but as the defendant made no such proofs as to the character of the book sought to be introduced, the objection was properly sustained. For the errors stated, the judgment of the district court is      REVERSED.

ROBINSON, J., assents to the conclusion of the foregoing opinion, but not to all the grounds upon which it is based.