## E. L. COLLINS v. THE MERCHANTS AND BANKERS MUTUAL INSURANCE COMPANY, Appellant.

**Fire Insurance:** CONTINUING WARRANTY: *Construction of writing.* A provision in a policy that it shall be void if the property "be in any manner incumbered * * * *and such fact be not stated in this policy or the assured's application for insurance*," covers incumbrances existing when the contract is executed and does not cover future incumbrances. *Mallory v. Co.*, 65 Iowa, 450, and *Ellis v. Co.*, 61 Iowa, 577, *distinguished.*

LAW AND FACT: *Increase of risk.* Whether the mortgaging of insured property constituted an increase of risk is a question of fact. *Lee v. Co.*, 79 Iowa, 379, and *Ellis v. Co.*, 61 Iowa, 577, *distinguished.*

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

WEDNESDAY, OCTOBER 9, 1895.

Action at law upon a policy of fire insurance issued to one J. R. Biery; loss, if any, made payable to E. L. Collins, mortgagee, as his interest may appear. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Read & Read* for appellant.

*White & Clarke* for appellee.

Deemer, J.—On the sixteenth day of September, 1890, the defendant issued to one J. R. Biery a policy of insurance in the sum of eight hundred dollars, upon a certain flouring mill, machinery, and fixtures, situated in Guthrie county, Iowa, of which Biery was the owner, subject to incumbrances amounting in the aggregate to

one thousand four hundred and sixty dollars. Loss, if any, was made payable to appellee, Collins (who held a mortgage upon the property), "as his interest may appear." On the sixteenth day of February, 1893, the property covered by the policy was totally destroyed by fire. Due notice and proofs of loss were given to defendant, but it failed to make payment. Suit was thereupon instituted, which resulted in a verdict for the appellee, Collins, and the insurance company appeals.

But two questions are presented for our determination:

I. The defendant pleaded in the second count of its answer the following provision of the policy: "This contract shall be void and of no effect unless consent in writing is indorsed thereon by the president and secretary of the company in each of the following instances: * * * If it [the property] be in any manner incumbered or in litigation, and such fact be not stated in this policy or the assured's application for insurance,"—and further averred that on or about the twenty-first day of May, 1891, the property covered by said policy was incumbered by a mortgage for six hundred dollars, executed by J. R. Biery, the assured, and his wife, to one F. Peters, without the knowledge or consent of the defendant. A demurrer to this count of the answer, on the ground that it constituted no defense, for the reason that there is no warranty or condition in the policy sued on against future incumbrances, was sustained. Appellant complains of this ruling, and insists that the statement in the policy before quoted is not only a present, but a continuing, warranty, and that the six hundred dollar mortgage placed upon the property after the issuance of the policy was a breach of warranty, which rendered the policy void and of no effect; while appellee insists that the affirmation or warranty is as to an existing condition, and should not be construed to be a continuing or future

warranty. If the statement in the policy was that it should be void if the property be in any manner incumbered or in litigation, then, no doubt, it should be so construed as to cover future as well as existing incumbrances. *Mallory v. Insurance Co.*, 65 Iowa, 450 [21 N. W. Rep. 772]; *Ellis v. Insurance Co.*, 61 Iowa, 577 [16 N. W. Rep. 744]. But the policy contains more than this. It says it shall be void under these circumstances, unless the fact is stated in this policy or the assured's application for insurance. Taking the whole of the statement, and viewing it in the light of the settled rules of construction to be applied in interpreting such instruments, and we think it is reasonably clear that the incumbrance stipulated against is one which would ordinarily be stated in the face of the policy or in the application for insurance. Manifestly, this is an existing or present one, and not one created in the future. The words used are certainly open to this construction, and, if so, we should adopt that which is most favorable to the assured under all the established tenets. *Garretson v. Association*, 93 Iowa, 402 [61 N. W. Rep. 952]; *Morse v. Insurance Co.*, 30 Wis. 534; *Insurance Co. v. Kranich*, 36 Mich. 289; *De Graff v. Insurance Co.*, 38 N. W. Rep. (Minn.) 696; *Insurance Co. v. Scammon*, 100 Ill. 644; *Thompson v. Insurance Co.*, 136 U. S. 287, 10 Sup. Ct. Rep. 1019; *First Nat. Bank v. Hartford Life Ins. Co.*, 95 U. S. 673; *Insurance Co. v. Mund*, 102 Pa. St. 89. Courts will not give such statements the force of continuing warranties, unless, from the language used and the nature and usages of the risk, it is evident that it was so intended and understood by the parties. It will leave the future subject only to the conditions as to increase of risk. These rules are equitable, for the insurer has it in his power to make the contract plain and distinct; and, where there is room for a reasonable doubt as to the intention of the parties, the language

used should be construed favorably to the assured. We think the demurrer was properly sustained.

II. The defendant pleaded in answer a condition of the policy against increase of risk, and insisted that the six hundred dollar mortgage placed by Biery upon the property after the execution and delivery of the policy constituted such a change and increase in the risk as avoided it. It is contended by counsel for appellant that there is no testimony tending to show an increase of risk by the execution of the mortgage, but they insist that the court should hold as a matter of law that the execution of a mortgage upon the property insured does increase the hazard. We do not think this is the rule. Whether there has been an increase of risk or not is a question of fact for the jury, to be determined by them from the evidence, upon proper instructions from the court. As said in the case of *Crittenden v. Insurance Co.*, 85 Iowa, 658 [52 N. W. Rep. 548]: "It is, we think, a question of fact whether a particular fact claimed to increase the risk was really one that the parties contemplated or not, or perhaps whether a particular fact did amount to an increase of risk. It is generally true that an incumbrance that lessens the interest of the assured in the property adds to the risk of the assured, but collateral facts may vary the rule. The usual custom is to provide in terms in the policy against incumbrances, except by permission of the company; and where it is not done, as in this case, we are not prepared to hold as a matter of law that the parties designed it." See, also, *Martin v. Insurance Co.*, 85 Iowa, 643 [52 N. W. Rep. 534], and cases cited at page 650, 85 Iowa; and at page 154 [52 N.W. Rep.]; *Russell v. Insurance Co.*, 71 Iowa, 69 [32 N.W. Rep. 95]; *Russell v. Ins. Co.*, 78 Iowa, 216 [12 N. W. Rep. 654]. The cases of *Lee v. Insurance Co.*, 79 Iowa, 379 [44 N. W. Rep. 683], and *Ellis v. Insurance Co.*, 61 Iowa, 577 [16 N.

W. Rep. 744, are not in point. In the *Lee Case* the policy contained this provision: "If the property, either real or personal, or any part thereof, shall become incumbered by mortgage, judgment, or otherwise, the entire policy, and every part thereof, shall be null and void, unless written consent of the company at the home office is obtained." It was held that the subsequent execution of a mortgage upon the property insured avoided the policy. In the *Ellis Case* the provision was: "If the title of the property is transferred, incumbered, or changed, this policy shall be void." It is there held that the execution of a mortgage upon the property, subsequent to the issuance of the policy avoided it. Authorities from other states announcing the rule we have here established are abundant. 1 Wood, Ins., section 243, and cases cited; Clement, Dig. Fire Ins. p. 236, and cases cited.

The defendant's motion to direct a verdict interposed at the close of the introduction of plaintiff's testimony was properly overruled. Defendant asked an instruction to the effect that the execution of the Peters mortgage was such an increase of risk as avoided the policy, and, after the verdict was returned, it also moved in arrest of judgment, upon the ground that, as the pleadings admitted the execution of the subsequent mortgage, it was apparent that the risk has been increased. This instruction was refused and the motion denied. From what we have said, it is manifest that we are of the opinion these rulings were correct. We see no error in any of the rulings complained of, and the judgment is *affirmed*.