WILLIAM KAHLER v. THE IOWA STATE INSURANCE COMPANY, Appellant.

**Insurance: INDIVISIBLE CONTRACT:** *Breach of conditions.* Defendant issued to plaintiff a policy for one thousand three hundred dollars, -one thousand dollars on the building, and three hundred dollars on machinery while contained therein. As premium, plaintiff executed a note for one hundred and ninety-five dollars

"payable in portions and at such times as the directors of the company may require, * * * provided such assessment does not exceed fifteen per cent in any one year." The application which was a part of the policy, contained a statement: "Amount $1,300, at 15 per cent; premium note $195; 5 per cent to be paid, $9." In fact, only a portion of such premium was to be paid and that portion was a gross assessment on the entire insurance. One of the conditions was that, in case of any change in the title in the property insured, in whole or in part, the policy was to be void. Plaintiff was not the real owner of the building, and, about ten days prior to the destruction of the whole property by fire, the owners obtained a decree against him quieting title. *Held*, that the contract was entire and indivisible, and the breach of the condition avoided the whole policy, on the machinery as well as the building.

WAIVER. Failure of an assessment fire insurance company, after knowledge of facts which rendered its policy invalid, to return premiums which it had received in ignorance of such facts will not render the policy binding upon the company, in the absence of any acts upon its part since its knowledge of the policy's invalidity evincing its election to treat it as valid.

**Pleading:** ESTOPPEL: *Waiver.* A waiver of the conditions of a policy, or an estoppel to claim the same void on a breach thereof, cannot be relied on unless pleaded.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

SATURDAY, OCTOBER 15, 1898.

ACTION at law upon a policy of insurance covering a frame building used as a grain elevator and certain elevator machinery. Defendant pleaded in defense that the building did not belong to the assured when the policy issued, failure to make proof of loss, and a breach of condition relating to change or transfer of title or interest in the property. Plaintiff, in reply, pleaded a waiver of proof of loss; that he had an insurable interest in the property at the time the policy issued; and, although not the absolute owner, that defendant was aware of the fact, and is now estopped from relying upon defects in the title. The trial court found there was a waiver of proof of loss; that plaintiff did not have title to the elevator at the time he received the policy; but that defendant,

after knowledge of the fact, retained the premium paid, and has not offered to repay or return the same; and that it is estopped from pleading that the policy was void at its inception. The court further found that, after the issuance of the policy, plaintiff's interest in and ownership of the building was terminated by decree of court, and that, by reason of such termination plaintiff could not recover for loss of the building. It further found that plaintiff was entitled to recover for loss of the personal property, and gave him judgment for the amount of the insurance thereon. Defendant appeals.—*Reversed.*

*McVey & McVey* for appellant.

*W. J. McCoy* for appellee.

DEEMER, C. J.—The policy insured the plaintiff against loss or damage by fire upon the following described property, to wit: "$1,000 on his two-story frame building, occupied by the assured as a grain elevator; * * * $300 on his elevator machinery in said elevator, including fanning mill,—all while contained in aforesaid building." As a part of the contract, plaintiff executed a note to the insurer for the sum of one hundred and ninety-five dollars, "payable in such portions and at such times as the directors of the company may require, * * * provided such assessment does not exceed 15 per cent. in any one year." The application, which was made a part of the policy, asked for the insurance as granted, and further contained these statements: "Amount, $1,300, at 15 per cent.; premium note, $195; 5 per cent. to be paid, $9." One of the conditions of the policy was this: "And in case of any transfer or change of title in the property insured, in whole or in part, or of any interest therein, to any party or parties, such insurance shall be void and cease." It appears from the evidence that the plaintiff was in possession of the building at the time it was

insured, claiming and believing that he was the owner thereof by inheritance from his father, and through certain conveyances made to him by the other heirs. His father in fact had no title, and, some time after the policy issued, the real owners of the property obtained a decree against the plaintiff, quieting their title thereto, and ordering defendant therein to surrender possession thereof within thirty days from February 26, 1894. On March 7, 1894, the property was destroyed by fire. There is no evidence that any agent or employe of the insurance company knew of the condition of the title until after the fire. Plaintiff paid all assessments called for by his contract, and defendant has not returned or offered to repay any part thereof.

In support of the finding and judgment of the trial court, it is contended that, as defendant retained all the assessments paid, it is estopped from claiming that the policy is void because plaintiff did not own the property at the time the policy was issued. One all-sufficient answer to the contention is that plaintiff did not plead waiver or estoppel in his reply. His claim in this respect is that defendant's agents knew the true condition of the title, wrote the statements found in the application with reference thereto, and, as appellee had an insurable interest, the insurer is estopped from relying upon the defect. Aside from this, we do not think appellant has waived the breach of condition or warranty contained in the policy. Appellee paid his assessments as they came due, and appellant has done nothing since it learned of the failure of title to evince an election on its part to treat the policy as valid. The note was given simply as a basis for assessments which were to be made annually by the board of directors, and no asessments have been made since the defendant discovered the condition of the title. It is true, as held in the case of *Waller v. Insurance Co.,* 64 Iowa, 101, that where policies of insurance are viod *ab initio,* and there has been no fraud or deception on the part of the assured, he may recover back

premiums paid as for money had and received for his use. But the mere retention of premiums paid, without knowledge of facts which avoid the policy, will not validate the instrument. *Houdeck v. Insurance Co.,* 102 Iowa, 303, and cases cited; May Insurance, sections 506, 567; *Harris v. Society,* 6 Thompson & C. 108. Appellant did no act after knowledge of facts avoiding the policy which would amount to a waiver of its conditions; and it was not required in this form of action to tender back the assessments paid.

II.   The trial court evidently proceeded upon the theory that the contract of insurance was divisible, and that recovery of indemnity for the personal property destroyed might be had, notwithstanding the forfeiture of the policy as to the building by reason of breach of condition or warranty as to transfer or change of title.   In the case of *Garver v. Insurance Co.,* 69 Iowa, 202, we held that, when the premium paid for a policy of fire insurance is in a gross sum, the contract is not divisible, although the amount of insurance on the different items of insured property is fixed in the policy, and that, where the policy is invalidated as to one item of property, it is avoided as to all; citing *Plath v. Insurance Co.,* 23 Minn. 479, and other cases.   Counsel attempt to distinguish this case from that by reference to the application which says that the premium should be fifteen per cent. of the amount insured.   It is clear, however, that the premium was not fifteen per cent.   True, the note calls for one hundred and ninety-five dollars; yet it is evident that but ninety per cent. of it was to be paid, and that part of it which was to be paid was a gross assessment for the entire insurance.   As said in the *Garver Case, supra:*   "One party to such a contract cannot at his pleasure make it divisible or entire, as his interest may appear.   When entered into, it was either one or the other."   And we may add that in this case the parties saw fit to make it an entire and indivisible contract.   The only effect of the apportionment of the amount of the insurance upon the separate items of property was to limit the extent of

the insurer's risk on each item to the sum specified. Again, there is nothing to show that the rate of premium was the same upon each kind of property insured. The rate is fixed as a gross sum upon the total amount of insurance, and there is no evidence that it was the same upon the building as upon the machinery. Looking to the subject-matter of the contract, and to the evident purpose of the condition, we think it clearly appears that the contract is indivisible. Whatever affected the risk or hazard as to the building also affected the personal property, for it was located in the same building, and was insured only while it remained in that building. The policy provided that any transfer or change of title in the property insured in whole or in part, or of any interest therein to any party or parties, should avoid the policy. The condition is so broad that a violation thereof by a change of title to any part of the property avoids the entire policy; and, as a breach of the condition relating to the building affects the risk of the insurer upon the personal property, we are of opinion that the contract should be held to be entire and indivisible. See, as sustaining our conclusion, *Loomis v. Insurance Co.*, 77 Wis. 87 (8 L. R. A. 834, 45 N. W. Rep. 813); *McGowan v. Insurance Co.*, 54 Vt. 211, and cases cited; *Insurance Co. v. Pickel*, 119 Ind. 155 (21 N. E. Rep. 546); May Insurance, section 277. As the contract was indivisible, the breach of condition relating to the building avoided the policy, and there can be no recovery for loss of the machinery. —*Reversed.*