Frank Greco, Appellant, v. Continental Insurance Company of City of New York, Appellee.

No. 42575.

November 13, 1934.

Rehearing Denied March 18, 1935.

Louis I. Adelman, for appellant.

D. Cole McMartin, for appellee.

KINTZINGER, J.—██ Plaintiff purchased a three-year fire insurance policy from defendant on September 1, 1931, covering his dwelling house for $2,200, and personal property contained therein for $800. It was in renewal of a three-year policy issued September 21, 1928. No new application was taken for the renewal policy, although there had been an application for the prior policy. The property insured was destroyed by fire on or about March 20, 1933. The petition asks judgment for $3,000.

In its answer, the defendant admits the issuance of the policy and the destruction of the property by fire, but as a defense to that part of the policy covering the building alleges that the policy contains the following condition: "Unless otherwise provided by agreement of this company, this policy shall be void if the subject of insurance, or a part thereof, (as to the part so encumbered) be or become encumbered by lien, mortgage, or otherwise created by voluntary act of the insured or within his control." Defendant alleges that plaintiff violated this condition without the knowledge, consent, or agreement of the defendant company, by placing a mortgage against the dwelling house, and that such part of the policy was forfeited thereby.

The only issue presented by the pleadings is whether or not the policy was void, because of a mortgage incumbrance placed upon the building after the policy was issued. No question of waiver, estoppel, or other voidance of the defense alleged by the defendant was in any manner pleaded.

The evidence shows that on January 27, 1932, the plaintiff placed a $400 mortgage incumbrance upon the building. The evidence fails to show that the defendant had any knowledge of, or that it consented to, this or any prior mortgage upon the building, before or after the issuance of either of the policies.

██ Appellant contends that "the court erred in admitting * * * testimony over the plaintiff's objections, regarding the existence of an encumbrance when the undisputed evidence showed that no application had been attached to the insurance policy by the Continental Insurance Company, when the policy was issued." The evidence complained of is set out at length on pages eleven and twelve of the abstract and contains sixteen questions and answers put to Mr. Thompson, the county recorder. An examination of the record shows that not one of these questions was objected to, and no motion was made to strike any of the answers thereto, until after the ques-

tions were all asked and the answers were all in, and not then, until after the defendant read into the evidence the mortgage referred to in the testimony of Mr. Thompson. The mortgage offered in evidence was dated January 27, 1932, executed to Rose Azinaro, in the sum of $400. No objection was made to the introduction or admission of the mortgage itself. After the admission of this evidence *without objection* "the plaintiff moves to strike the testimony of the recorder Thompson in regard to the mortgage, as being incompetent, irrelevant, and immaterial, * * * for the reason that the * * * Insurance Company * * * failed to attach an application to this policy and thereby precluded themselves from pleading, or proving * * * any mortgage * * * upon this property."

There being no objections made to the admission of the testimony, the court was not in error in overruling a motion to strike it out. In the absence of an objection to the introduction of evidence, the proper foundation for a motion to strike it out has not been laid, and there can be no error in overruling the motion to strike. Nor was there any *objection* to the introduction of the mortgage record, and no motion was made to strike *it* out. The mortgage record was therefore in evidence without any objection thereto, and without a motion to strike it out. As there was no objection made to introducing the record of the mortgage, and as there was no motion made to strike it out, there could have been no prejudice in the preliminary evidence of the recorder. Accordingly, there was no prejudicial error in overruling defendant's motion to strike.

The only issue presented in this case is whether or not part of the insurance policy became void because of a mortgage incumbrance placed on the building.

It is the well-settled rule of law in this state that the violation of a provision in an insurance policy, providing against a mortgage incumbrance upon the property insured, without the knowledge or consent of the insurance company, will void the policy. Code, section 9018, par. IV, sub. g; Ellis v. State Ins. Co., 61 Iowa 577, 16 N. W. 744; Mallory v. Farmers Ins. Co., 65 Iowa 450, 21 N. W. 772; Ellis v. State Ins. Co., 68 Iowa 578, 27 N. W. 762, 56 Am. Rep. 865; Collins v. Merchants & Bankers Mutual Ins. Co., 95 Iowa 540, 64 N. W. 602, 58 Am. St. Rep. 438; Russell v. Cedar Rapids Ins. Co., 78 Iowa 216, 42 N. W. 654, 4 L. R. A. 538; Born v. Home Ins. Co., 110 Iowa 379, 81 N. W. 676, 80 Am. St. Rep. 300; Hart v. Home Mutual Ins. Co., 208 Iowa 1030, 226 N. W. 781.

It is claimed, however, that the rule does not apply where no application for the renewal policy is made as required by section 8974 of the Code. The effect of a failure to attach the application is set out in section 8975, as follows:

"The omission so to do shall not render the policy invalid, but if any company * * * neglects to comply with the requirements of the preceding section it shall forever be precluded from pleading * * * or proving *any such application or representations, or any part thereof, or falsity thereof*, or any parts thereof, in any action upon such policy, and the plaintiff in any such action shall not be required, in order to recover against such company * * * either to plead or prove such application or representation." (Italics ours.)

Section 8975 only precludes the defendant from pleading or proving *the application or any representations, or any parts thereof, or the falsity thereof*, in an action upon the policy. The defendant does not attempt to either plead or prove any matters connected with any application, or any representations, or any part of the application, or the falsity thereof. The defense pleaded had nothing whatever to do with any application, whether attached to the policy or not. The policy was issued September 1, 1931; a mortgage encumbrance of $400 was placed upon the building about the 28th of January, 1932, without the knowledge or consent of the defendant company. It is not claimed in the pleadings or by the proof that the defendant company, in any manner, waived the provisions of the policy, or knowingly consented to the encumbrance. The defense pleaded had nothing to do with any application, and defendant was therefore rightly permitted to both plead and prove such defense.

The appellant relies upon Hemmings v. Home Mutual Ins. Co., 199 Iowa 1311, 203 N. W. 818, as authority for the contention that the conditions avoiding the policy had no effect because no application was attached to the policy. An examination of that case, however, will show that there was an attempt to introduce evidence in relation to the contents *of the application or representations made concerning the same.* The facts in that case are entirely different from this and have no application.

Something is said about the incumbrance executed in January, 1932, being given as a substitute for a mortgage existing prior

to the renewal policy. The evidence, however, shows that defendant had no knowledge of any prior mortgage and did not consent thereto. The record also shows that the former mortgage had been all paid, with the possible exception of $175, long prior to the execution of the new mortgage, and prior to the issuance of the renewal policy. Plaintiff contends that defendant waived the second incumbrance because it was given as a substitute for a prior incumbrance. It might be conceded that if the second mortgage was executed in substitution of a prior existing mortgage, *with the knowledge and consent of the defendant,* there would be a waiver of the forfeiture provision of the policy. But it could have no such effect unless a prior mortgage had actually existed with the knowledge and consent of the defendant. Ellis v. State Ins. Co., 68 Iowa 578, loc. cit. 583, 27 N. W. 762, 56 Am. Rep. 865. In that case we said:

"It may be conceded that if the company received any new consideration with knowledge of a forfeiture that would be a waiver of the forfeiture. No insurance company should take the money of the insured if at the same time it intends to repudiate the policy. It is a familiar doctrine that the receipt of a premium after knowledge of forfeiture is a waiver of the forfeiture. But there is no pretense that the company had knowledge of the incumbrance. * * * "

In the instant case, it is conceded that the mortgage incumbrance was placed upon the property without the knowledge or consent of the defendant company. Under such circumstances, there could have been no waiver of the forfeiture provision. If the plaintiff desired to defeat the forfeiture provisions of the policy because of the substitution of a former mortgage by the one of January, 1932, it was necessary to plead a waiver thereof. As no waiver was pleaded, it cannot be established by the evidence. Kahler v. Iowa State Ins. Co., 106 Iowa 380, 76 N. W. 734; Collins v. Iowa Mfrs. Insurance Co., 184 Iowa 747, 169 N. W. 199.

As the renewal policy provides for a forfeiture that "if the subject of insurance or a part thereof *be* or *becomes* encumbered by a lien", it is immaterial whether the new mortgage was executed as a substitute for the old one or not, because the evidence shows without conflict that the defendant had no knowledge of and never consented to either. It necessarily follows that that part of the policy covering the building was forfeited by the mortgage incumbrance placed thereon after the renewal policy was issued.

A few other minor errors are alleged. We have given them careful consideration, but find no merit therein.

The action of the lower court in sustaining the motion for a directed verdict was right, and the judgment is therefore affirmed.

MITCHELL, C. J., and STEVENS, ANDERSON, CLAUSSEN, and DONEGAN, JJ., concur.