[S. F. 14180. In Bank.—May 1, 1931.]

ANNA IRENE KAUTZ, Respondent, v. ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED (a Corporation), Appellant.

[S. F. No. 14181. In Bank.—May 1, 1931.]

LESLEY TUDHOPE, a Minor, etc., Respondent, v. ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED (a Corporation), Appellant.

J. Hampton Hoge, J. E. McCurdy and A. Dal Thomson for Appellant.

Jered A. Maguire, James T. O'Keefe and Norman S. Menifee for Respondents.

CURTIS, J.—This cause was appealed to the District Court of Appeal and a decision was rendered by said court reversing the judgment of the trial court. A petition for a transfer to this court was granted as we were not in entire agreement with the conclusion at which the District Court of Appeal arrived. As to the question whether the automobile in which the plaintiffs were riding at the time of

their injuries was being legally driven by Earle L. Drais, the then operator, although the evidence showed that he was at said time under the influence of intoxicating liquor, we are of the opinion that the District Court of Appeal has given the correct answer thereto, but we entertain somewhat divergent views from those expressed by said court on the other question discussed in said opinion. We, therefore, adopt as the opinion of this court that portion of said opinion of the District Court of Appeal which deals with the first of these questions, and have followed the same with our own conclusions as to the second of said questions. That portion of the opinion of the District Court of Appeal which we adopt is as follows:

"The above actions were brought to recover on a policy of insurance issued by Zurich General Accident and Liability Insurance Company, Limited, a corporation, to Stella Bayne, who is designated therein as the assured. Defendant corporation agreed for the period of one year commencing December 7, 1927, to indemnify the assured against loss from legal liability for damages caused by bodily injury accidentally suffered as the result of the ownership, maintenance, or use of a certain automobile. Upon the policy was an 'omnibus coverage endorsement', which read as follows: 'The policy to which this endorsement is attached is hereby extended to apply to any person or persons (other than the assured named in Special Condition 1) while riding in or legally operating any of the automobiles described in Special Condition 5, and any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or if the named assured is an individual, with the permission of an adult member of the named assured's household other than a chauffeur or a domestic servant, and provided also that this endorsement shall not be available to any automobile garage, sales agency, and/or service station, nor to any agent or employee thereof, and provided further that indemnity under the said policy shall inure first to the named assured and then (as to the remainder, if any) to any other person entitled thereto.'

"At the time of its issuance the policy contained certain special conditions, among which were the following: '2. Address of insured 2742 Filbert Street, San Francisco. . . . 9. The automobiles are principally maintained and

garaged in the city or town of Los Altos. 10. The automobiles are principally used in the city or town of Los Altos and in the vicinity of said city or town.' On March 21, 1928, an endorsement referring to the above conditions was attached to the policy. This endorsement was as follows: 'Special conditions 2, 9, and 10 of the policy to which this endorsement is attached are hereby amended to show that the address of the assured is now 201 Buena Vista Avenue, Mill Valley, California, and that the automobile covered is maintained, garaged, and principally used in the city or town of Mill Valley, California. This endorsement to be effective as of noon (12:01 A. M. or 12:00 noon) of the 21st day of March, 1928. This endorsement is issued subject to such agreements, conditions, provisos, declarations and warranties as are contained in the policy to which it is attached, if not inconsistent herewith. . . . ' Pursuant to the statute (Stats. 1919, p. 776) there was inserted in the policy a provision 'that in case judgment shall be secured against the insured in an action brough by the injured person . . . then an action may be brought against the company on the policy and subject to its terms and limitations by such injured person'.

"On November 18, 1928, the plaintiff Tudhope, due to the negligent operation of the automobile by one Earle L. Drais who was driving the same by permission of the assured, accidentally suffered bodily injuries. An action to recover damages therefor was filed by said plaintiff against Drais and on April 12, 1929, a judgment in the sum of $2,750 and costs, which has become final, was recovered against him. Execution issued thereon, and the same was returned wholly unsatisfied, whereupon demand for the amount of the judgment was made upon defendant corporation and refused. Plaintiff Kautz, who was also riding in the automobile with Drais, suffered injuries in the same accident, and on May 7, 1929, recovered against the latter a judgment for damages in the sum of $2,500 with costs, based upon his negligent operation of the car. This judgment has also become final. Execution issued thereon against Drais was returned wholly unsatisfied and a demand for payment of the judgment was refused by defendant corporation. In the present actions by which plaintiffs sought to recover the amounts of said judgments from defendant company, the above facts were alleged and as defenses thereto defendant

averred that Drais was not legally operating the automobile at the time plaintiffs were injured, and further, that by the endorsement hereinbefore referred to it was provided that the automobile should be maintained, garaged, and principally used in the city or town of Mill Valley; that contrary thereto the automobile was on the date of the accident and for a long time prior thereto had been maintained, garaged, and principally used in the city and county of San Francisco, and that this fact materially affected the risk. The questions were submitted for decision upon the same evidence. The trial court found in accordance with the allegations of the complaints and against the defendant upon the defenses mentioned. Judgments from which defendant has appealed were entered accordingly. The evidence shows without dispute that Drais at the time of the accident was intoxicated, and defendant contends that the court consequently erred in its conclusion that the driver was legally operating the automobile within the meaning of the policy, and also that evidence tending to prove the alleged breach of the policy was improperly excluded. The appeals were presented and will be considered together.

"It was held in *Pacific Heating & Ventilating Co.* v. *Williamsburgh etc. Ins. Co.*, 158 Cal. 367 [111 Pac. 4, 5], that while a policy of insurance, like other contracts, must be construed according to the language and terms used therein to arrive at their true sense and meaning and courts will not undertake to relieve parties from the plain stipulations of the policy, still the rule is well established that provisos and exceptions must be strictly construed against the insurer, who is bound to use such language as to make the conditions, specifications and provisions thereof clear to the ordinary mind, and in case it fails to do so any ambiguity or reasonable doubt must be resolved in favor of the assured. In each of the following cases the policy was similar in form to the one in question, and the insurer denied liability on the ground that the driver, not having procured an operator's license, was illegally operating the automobile. It was held that notwithstanding such failure the car was being legally operated within the meaning of the policy. (*Odden* v. *Union Indemnity Co.*, 156 Wash. 10 [286 Pac. 59]; *Fagiani* v. *General Acc. etc. Corp., Ltd.*, 105 Cal. App. 274 [287 Pac. 377].) In the case last cited the court

said: 'Under a liberal definition of the terms one is not legally operating an automobile when he is driving it in violation of any provision of law, but obviously the term was not used in that broad sense in the policy in question, because to give it that meaning would be to destroy a protection which the policy purports to give to persons driving the automobile with the permission of the owner. It is a matter of common knowledge that nearly every automobile accident is due to a breach of some statutory provision.' The court suggested that the provision related to the manner of operating the automobile, but this construction no less than the one urged by the insurer in that case would tend to destroy the value of this character of insurance, it also being a matter of common knowledge that the majority of automobile accidents are caused by the failure to observe the statutory regulations respecting the driver's condition as to sobriety, and the manner of operating the car, such violations with few exceptions being made criminal offenses. But as the court further said, after referring to the fact, which is true here, that the exception claimed by the insurer was not inserted in the 'exclusion' clause of the policy, and stating that this might properly be considered in construing the contract: 'It is not necessary to determine what was intended by the use of the term ''legally operating'' but it is sufficient to show that it is uncertain whether it was the intention of the parties to the contract to give it the meaning for which appellant (the insurer) contends.' As was aptly said in *Pacific Heating etc. Co.* v. *Williamsburgh etc. Ins. Co., supra,* with respect to the rule of construction where the provisions of the policy are ambiguous, 'this rule is based upon the fact that the contract of insurance is drawn by the insurer and in it are usually presented many exceptions, conditions, and forfeitures—deliberately and purposely inserted by the insurer so as to avoid liability and the ordinary person in paying the premium and accepting the policy does not read, or if he does read, he cannot understand the many conditions, exemptions, and exceptions contained therein. . . . Therefore courts endeavor to carry out the contracts as made by the parties and at the same time prevent if possible the exceptions and conditions from wholly devouring the policy'. ■ While the meaning of the provision cannot be determined with certainty,

yet when the whole contract is considered in connection with what the parties appear to have had in mind, namely, indemnity against the consequences of the negligent use or operation of the automobile, it is reasonably clear that it was not the intention to limit the policy to the few instances where the negligent act or omission is not made penal by the statute. The construction given the instrument by the trial court appears to be consistent with the true intent of the parties and where that is the case the appellate court will not substitute another interpretation though it seem equally tenable. (*Slama Tire Protector Co.* v. *Ritchie*, 31 Cal. App. 555 [161 Pac. 25]; *Manley* v. *Pacific Mill & Timber Co.*, 79 Cal. App. 641 [250 Pac. 710].)

As appears from the facts already stated, on March 21, 1928, an indorsement was attached to the policy of insurance changing special conditions 2, 9 and 10 contained in the original policy. These special conditions related to the address of the insured, the place where her automobile was principally maintained and garaged, and the place where the automobile was principally used. The effect of this indorsement or amendment was to change the place designated as the residence of the assured from the city of San Francisco to Mill Valley, California, and the place where the automobile was maintained, garaged, and principally used from Los Altos to Mill Valley. During the trial the defendant endeavored to show that the automobile on the date of the accident was maintained and garaged in the city of San Francisco instead of Mill Valley, California, as stated in the indorsement of March 21, 1928. The trial court sustained an objection to this line of testimony on the ground that it was not material to any issues in the case. It might be said at this time that the trial was had in the county of San Mateo, where the accident occurred in which the plaintiffs sustained the injuries which are the bases of these actions. We might further state that the court will take judicial notice of the fact that San Mateo County is situated to the south of and is contiguous to the city and county of San Francisco, and that Mill Valley is located in the southern portion of Marin County, which county is separated from the city and county of San Francisco by the Golden Gate. The territorial limits covered by the policy of insurance includes not only all of these localities, but the whole of the United States and Canada.

The policy contains a schedule of warranties, but the provisions thereof as to the place where the automobile was to be garaged, maintained, and principally used is not found in said schedule of warranties, but as we have already seen, was made one of the special conditions of the policy. It is further provided in the policy that, "This policy is made and accepted subject to the general conditions, special conditions, and warranties hereinafter set forth, together with such other general conditions, special conditions, and warranties as may be endorsed hereon or added hereto in like manner as if the same were respectively repeated and incorporated herein, and compliance with such general conditions, special conditions, and warranties shall be a condition precedent to the right of recovery hereunder." In other words, a compliance with the special condition in the policy relating to the place where the automobile "is maintained, garaged and principally used" is made a condition precedent to the right of a recovery under the policy. It becomes important, therefore, to ascertain definitely the precise import and meaning of this special condition. It reads as follows: "the automobile covered *is* maintained, garaged, and princpally used in the city or town of Mill Valley, California." It will be noted that the language of the condition is in the present tense, and refers to conditions existing at the time of the indorsement of said special condition in the policy. It is not contended, nor was it sought to be shown by the excluded evidence, that the conditions thus stated in the indorsement were not true at the date when said indorsement was attached to the policy.

All that appellant contends is that after the date of said indorsement the place where the automobile was garaged and principally used was changed from Mill Valley to San Francisco, and that at the time of the accident and for some time before the insured had maintained and garaged her automobile in the city of San Francisco, and that by making the change she vitiated the policy of insurance.

The terms of the policy are silent as to the rights of the insured to change the place of maintaining the automobile. No limitation of such right, much less inhibition, is to be found in the policy. No duty was cast upon the insured by the policy, in case she made a change of the place of garaging her machine, to notify the insurance company of such change or to do or perform any act in order that coverage

under the policy should extend to the automobile in its new location. The policy of insurance, unlike the uniform policy of insurance adopted in this state (Stats. 1909, p. 404), contains no stipulation that the property insured is covered only "while located and contained as described herein, and not elsewhere". The absence of such a provision or one similar thereto makes it extremely doubtful whether it was ever intended that the policy would be vitiated by a change in the location of the automobile. At least the intention of the parties to the policy in this regard is uncertain and ambiguous and according to the authorities referred to in the preceding portions of this opinion, the terms of the policy when ambiguous are to be construed liberally in favor of the insured and strictly against the insurer. For further authorities on this point see *Siskin* v. *Alliance Ins. Co.*, 200 Cal. 70 [251 Pac. 922], and cases therein cited. ■ It appears to be fairly well settled by the authorities that a condition and even a warranty which refers to the status of the insured property at the time of the issuance of the policy is not a continuing condition or warranty and a change in such status, after the issuance of the policy, will not be held to vitiate the policy nor preclude a recovery thereunder. In Huddy on Automobiles, fifth edition, section 830, is found the following statement: "Where a policy of indemnity insurance . . . recited that: 'None of the automobiles herein described are rented to others or used to carry passengers for a consideration, actual or implied, except as follows:' and no exceptions were stated, said provision should be construed as a warranty merely that the truck was not rented at the time the policy took effect." The author of the above-mentioned work cites as authority for the statement just quoted the case of *Mayor, Lane & Co.* v. *Commercial Casualty Ins. Co.*, 169 App. Div. 772 [155 N. Y. Supp. 75, 78], which fully support it. This case is cited and apparently approved in volume 2 of Berry on Automobiles, sixth edition, section 2154, in a statement as follows: "A warranty, in an automobile insurance policy covering loss arising 'by reason of the ownership, maintenance or use' of such automobile, that 'none of the automobiles herein described are rented to others' has been held to speak of its date, and not to be violated because the automobile covered by the policy was rented out at the time its

operation caused a loss, nearly two years subsequent to the date of the policy."

In *Collins* v. *Merchants etc. Ins. Co.*, 95 Iowa, 540 [58 Am. St. Rep. 438, 64 N. W. 602], the defendant set up as a defense to plaintiff's action to recover loss on a fire insurance policy that plaintiff had since the date of the policy encumbered the property contrary to the express condition or warranty contained in the policy. The plaintiff demurred to the answer setting up said defense, and the trial court sustained the demurrer. On appeal the Supreme Court of Iowa affirmed the judgment and set forth its reason for so doing in the following statement: "Appellant complains of this ruling, and insists that the statement in the policy before quoted is not only a present, but a continuing, warranty, and that the six hundred dollar mortgage placed upon the property after the issuance of the policy was a breach of warranty, which rendered the policy void and of no effect, while appellee insists that the affirmation or warranty is as to an existing condition, and should not be construed to be a continuing or future warranty. If the statement in the policy was that it should be void if the property be in any manner encumbered or in litigation, then, no doubt, it should be so construed as to cover future as well as existing encumbrances: *Mallory* v. *Farmers' Ins. Co.*, 65 Iowa, 450 [21 N. W. 772]; *Ellis* v. *State Ins. Co.*, 61 Iowa, 577 [16 N. W. 744]. But the policy contains more than this. It says it shall be void under these circumstances, unless the fact is stated in this policy or the assured's application for insurance. Taking the whole of the statement, and viewing it in the light of the settled rules of construction to be applied in interpreting such instruments, we think it is reasonably clear that the encumbrance stipulated against is one which would ordinarily be stated in the face of the policy or in the application for insurance. Manifestly, this is an existing or present one, and not one created in the future. The words used are certainly open to this construction, and, if so, we should adopt that which is most favorable to the assured under all the established tenets. [Citing authorities.] Courts will not give such statements the force of continuing warranties, unless, from the language used and the nature and usages of the risk, it is evident that it was so intended and understood by the parties. It will leave the future subject only to the conditions as to increase of

risk. These rules are equitable, for the insurer has it in his power to make the contract plain and distinct; and, where there is room for a reasonable doubt as to the intention of the parties, the language used should be construed favorably to the assured. We think the demurrer was properly sustained." This decision of the Supreme Court of Iowa is cited with approval in 14 Ruling Case Law, section 308, page 1129, where the rule is stated in this language: "However, a provision that the policy shall be void if the property be in any manner encumbered, 'and such fact be not stated in this policy or the assured's application for insurance', is a stipulation against incumbrances existing when the contract is made, but not against future incumbrances."

These authorities are applicable to the case before us and unquestionably support the construction which we · have given to the condition in the policy relative to the place where the automobile was kept and used. This condition in the policy refers simply to the place where the automobile was kept at the date of indorsement thereof on the · policy and was not broken, nor was the policy vitiated, by a subsequent change of the place of keeping the automobile.

As already noted, by the terms of the policy the insured was permitted to use and operate the automobile at any place within the United States and Canada. The accident occurred in the county of San Mateo only a short distance from Mill Valley in Marin County, and it is not claimed that the keeping of the automobile at a place other than that designated in the policy contributed in the slightest degree to the happening of the accident. This may not be material to any question in the case. We do not assume to say that it is. We merely mention it to show that the insurance company did not sustain any injury whatever by the change in the location of the automobile.

We are of the opinion that the evidence excluded by the trial court was immaterial and that the objections thereto were correctly sustained.

The judgment in each case is affirmed.

Richards, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.