[Civ. No. 8935.  First Appellate District.  Division One.—August 9, 1933.]

CLARA O. SERVISS, Respondent, v. ROBERT W. JONES et al., Appellants.

Henry D. Lawrence for Appellants.

Fred Miller for Respondent.

CASHIN, J.—An appeal by defendants Jones from a decree quieting plaintiff's title to certain real property in Los

Angeles County and enjoining the issuance of a sheriff's deed to the property.

According to a stipulated statement of facts submitted to the trial court plaintiff was formerly the wife of defendant Robert W. Jones. In an action for divorce between them the real property mentioned was awarded to plaintiff as her separate property, and by the same decree said defendant was awarded judgment against plaintiff for $380. It was stipulated that ''On February 26, 1929, plaintiff and defendant, Robert W. Jones, by grant deed conveyed the above-described property by mesne conveyances to plaintiff Clara O. Jones as her separate property.'' On March 12, 1929, the above judgment was recorded in Los Angeles County, and on March 13, 1929, the deed mentioned was also recorded. On March 14, 1929, plaintiff transferred the property to John G. Fell by grant deed, which was recorded on the same day. On March 30, 1929, defendant Robert W. Jones executed to plaintiff a grant deed of the same property, which was recorded on April 2, 1929. This deed contained the following provision: ''This deed is given to carry out the mutual agreement of the parties hereto that said property shall become vested in the grantee herein as her sole and separate property free of all interest or claim of title of the grantor herein now existing or which may hereafter arise by reason of the marital relations of said parties, and it is so accepted by said grantee, whose signature is subscribed hereto for confirmation thereof.'' Later defendant last named caused an execution to issue on the judgment, and on April 29, 1929, the same was levied upon the property. Fell thereupon brought suit against said defendant and the sheriff to enjoin a sale under the execution, and on February 16, 1931, judgment was entered permanently enjoining said sale.

As the ground for its judgment the court found: ''That said defendant Robert W. Jones by the terms and conditions of a certain grant deed from Robert W. Jones and Clara O. Jones, as grantors, to Clara O. Jones, as grantee, and dated May 30, 1929, and covering the premises described in plaintiff's complaint, which said deed is recorded in book 9090, p. 296, Official Records in the office of the County Recorder of Los Angeles county, California, did waive the lien that is impressed upon said real property by the said record of

said judgment, and by such waiver was estopped from enforcing payment of said judgment against said real property by means of the execution levied by the defendant William I. Traeger, sheriff, as alleged in paragraph 2 of plaintiff's first cause of action in said complaint.''

On January 28, 1930, after the last-mentioned suit had been commenced, Fell transferred the property to plaintiff as her sole and separate property, and this deed was also recorded.

On April 17, 1930, another execution issued upon the same judgment and was levied upon the property. The property was sold thereunder to defendant Robert W. Jones, and a certificate of sale thereof was recorded. On March 26, 1930, the certificate was assigned by said defendant to defendant William H. Jones. Following this the present action was commenced to quiet title and enjoin the issuance of a sheriff's deed to the property.

The complaint alleged that the deed to plaintiff from defendant Robert W. Jones was executed for a valuable consideration, and this was not denied. It was the conclusion of the trial court that defendants had no right or title to the property, and judgment was entered accordingly.

Defendants contend that notwithstanding Robert W. Jones waived his right to execute his judgment on the property, the plaintiff, having conveyed to Fell and having subsequently received a reconveyance, the property became subject to the lien of the judgment and to sale on execution.

As stated, the judgment was entered and the same recorded before the latter deed to plaintiff was executed. ▮ Because of the fact that he chooses his own language a deed is to be interpreted against the grantor, and consequently in favor of the grantee (8 R. C. L., Deeds, p. 1051) ; Civ. Code, sec. 1069), and when different constructions of a provision are equally proper, that is to be taken which is most favorable to the party in whose favor the provision was made (Civ. Code, sec. 1069). ▮ Here the claim against plaintiff was existing when the deed was executed, and arose out of the marital relations of the parties. It may fairly be concluded from the language of the instrument that with respect to this or any other claim so arising against plaintiff said defendant intended to waive all right to enforce it against this piece of property; and the fact that plaintiff conveyed and

then received a reconveyance of the same constitutes no valid reason for a different conclusion. ▆ Where the language of an instrument is ambiguous and either of two interpretations may reasonably be sustained, that of the trial court will not be disturbed, even though another interpretation may seem equally tenable (*Kautz* v. *Zurich Gen. A. & L. Ins. Co.*, 212 Cal. 576 [300 Pac. 34]; *Slama Tire Protector Co.* v. *Ritchie*, 31 Cal. App. 555 [161 Pac. 25]; *Manley* v. *Pacific Mill & Timber Co.*, 79 Cal. App. 641 [250 Pac. 710]). Here the conclusion of the trial court is fairly supported by the language of the deed, appears to be in accordance with the intention of the parties, and no valid reason for reversal has been shown.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.