[S. F. No. 15079. In Bank.—April 25, 1935.]

LIONEL HOUSER et al., Minors, etc., Appellants, v. NATHAN L. HOUSER et al., Defendants; JENNIE V. HOUSER, Respondent.

Sullivan, Roche, Johnson & Barry and Sullivan, Roche & Johnson for Appellants.

J. J. Posner and Samuel M. Samter for Respondent.

CURTIS, J.—Appeal from an order directing execution to issue in favor of defendant Jennie V. Houser and against the plaintiffs, Lionel Houser and Mervin Houser, in the sum of $316.

This action involves two judgments rendered in said action, one on May 3, 1926, and the other on October 13, 1927, and the rights of the parties under said judgments.

The first of said judgments quieted plaintiffs' title to certain real property, and further provided that plaintiffs should make monthly payments of $300 to said Jennie V. Houser during her lifetime. Nathan L. Houser was a defendant in said action, and the judgment quieting plaintiffs' title was rendered against him as well as against Jennie V. Houser. Some time after the rendition of this judgment said Nathan L. Houser moved to have said judgment set aside on the ground that he had been adjudged incompetent prior to the time summons in said action was served on him. The motion was granted. No notice of this motion was given to Jennie V. Houser, and the record before us does not show any appearance by said Jennie V. Houser in any of the proceedings brought to set aside said judgment or that she had any notice or knowledge of the pendency of said motion. However, after said motion had been granted, said action was set for trial and notice thereof was given to Jennie V. Houser. She made no appearance at said trial. On the retrial, judgment was rendered as before quieting plaintiffs' title to said real property, but subject to a life interest therein to Nathan L. Houser. The same monthly payments were directed to be made to Jennie V. Houser, but by Nathan L. Houser during his lifetime, and after his death by plaintiffs. It was further decreed in said judg-

ment that appellants might borrow the sum of $12,500 and secure the payment of the same by a mortgage on said real property. Said judgment also provided that said sum was to be paid to said Nathan L. Houser, who assumed and agreed to pay the same and all interest to accrue thereon. Notice of the entry of said judgment was served upon Jennie V. Houser. She took no steps to move for a new trial or to appeal from said judgment, but during the lifetime of said Nathan L. Houser she received from him said monthly payments, and after his death they were paid to her by the plaintiffs up to and through the month of December, 1932. During the months of January, February and March, 1933, appellants paid to respondent the sum of $584 only, leaving a balance unpaid for said three months' period of $316, for which sum an execution was ordered issued in her favor.

Each judgment was rendered upon a written stipulation of the parties. Jennie V. Houser was a party to the stipulation upon which the first judgment was based, but not to the second stipulation. The first of said judgments provided in effect that, "Said sum of three hundred dollars ($300) per month shall be paid out of the net income derived from said real property." The second judgment provided that these payments should be made from "the net rentals of said real property". The only substantial difference between the two judgments, except that just noted, in so far as the interest of Jennie V. Houser is concerned, is that in the second judgment permission was given to borrow $12,500, which sum was to be paid to Nathan L. Houser, and its repayment was to be secured by a mortgage upon said real property. This amount was borrowed and paid to Nathan L. Houser, and the mortgage given in pursuance of the judgment. Subsequently this mortgage was paid off, and a second loan was made for $14,000, $12,500 of which was used to pay off the first loan, and the sum of $1500 was expended in the installation of a new heating plant in the building located on said real property. This second loan was secured by a lien on said real property and bore interest at the rate of six per cent per annum. The interest amounted to $70 per month, which amount the appellants have deducted from the rentals from said real property, and the balance of said rentals, as the "net rentals from said

real property" was paid to Jennie V. Houser, on account on the monthly payments due her in pursuance of said judgments. For the months of January, February and March, 1933, after deducting said interest payments there remained only the sum of $584, which amount was paid to Jennie V. Houser.

■ It is first contended by Jennie V. Houser, the respondent herein, that the judgment of May, 1926, created a personal and absolute obligation upon the plaintiffs, the appellants herein, to pay her the monthly sum of $300. While said judgment standing alone is susceptible of such construction, yet when read in connection with the stipulation upon which it was predicated such a construction does not accord with the intention of the parties as expressed in said stipulation. Reading the stipulation and judgment together we think there can be no doubt that the intention of the parties was that said monthly sum of $300 was to be paid only from the income of said real property and that appellants incurred no personal obligation to make said payments beyond the net income from said real property. ■ Respondent argues that the trial court construed the judgment as one creating a personal obligation against the appellants and that a reviewing tribunal will not substitute its interpretation for that of the trial court. A number of authorities are cited in support of this contention. These authorities state the rule as follows: "When the language of the instrument is ambiguous and either of two interpretations may be sustained, that of the trial court' will not be disturbed even though another interpretation seems equally tenable." (*Serviss* v. *Jones*, 133 Cal. App. 640, 643 [24 Pac. (2d) 881].) The facts of the case will not permit the application of this rule in the present instance. In view of the express agreement by respondent that the monthly payments to her "shall be paid out of the net income derived from said real property", the obligation of the appellants to make said payment did not extend beyond said net income.

■ Respondent further contends that she is not bound by the judgment of October, 1927. The only substantial difference between the two judgments which adversely affects respondent is that by the second judgment Nathan L. Houser was given a life interest in said real property and

permission was given appellants to borrow $12,500 to be paid to Nathan L. Houser to be secured by a mortgage on said real property. With the provision of the judgment giving Nathan L. Houser a life interest in said real property respondent is not concerned. That provision only affected the rights of the appellants. Besides, Nathan L. Houser died before respondent made her motion for said writ of execution, and whatever interest he was given in said real property ceased at his death and appellants then became the absolute owners of the whole of said real property subject only to respondent's interest therein. The right given to appellants to borrow said sum of $12,500 on said real property did, however, materially affect respondent's rights under the judgment of May, 1926, if it carried with it the further right to deduct the interest due on said loan before full payment was made to respondent of her $300 per month. However, as we construe the judgment of October, 1927, we find nothing therein which would justify a deduction of said interest from the net rentals of said real property before the full amount of the monthly payments of $300 is paid to respondent. As we have seen by the terms of said judgment, Nathan L. Houser was given a life interest in said estate and the loan of $12,500 was made for his benefit upon the express agreement that he personally should pay the same and all interest thereon from his own funds. It is clear, therefore, that during the lifetime of Nathan L. Houser he was not authorized to make any deduction from respondent's monthly payments on account of interest paid by him on said loan. After his death, the appellants succeeded to the enjoyment of a present interest in said real property, and the judgment of October, 1927, provided that they, instead of Nathan L. Houser, should pay to Jennie V. Houser from the net rentals of said real property $300 per month during the term of her natural life. Nathan L. Houser failed to discharge said loan during his lifetime and appellants succeeded to his interest in said property burdened with the debt against it. They had not only expressly consented to the creation of this debt, but as we have seen they were primarily and personally liable for its payment. Under this state of facts, appellants had no authority to deduct said interest from the gross rentals received in order to determine the net rentals from said real property.

Under this understanding of the terms of the judgment of October, 1927, the question as to whether the respondent is bound by said judgment becomes immaterial, for neither under the first nor the second judgment is the interest charge given priority over the monthly payments to be made to Jennie V. Houser.

It will be noted that this loan of $12,500 was paid off by a subsequent loan of $14,000, the additional amount of $1500 having been borrowed for the purpose of installing a new heating plant in the building located upon said real property. This building is used as a hotel and produces the entire income received from said property. The installation of a new heating plant in the hotel would be an expense of maintaining the building, and its cost would properly be deducted from the rentals in order to arrive at the net rental of the building. However, as we construe the several compromise agreements and judgments involved herein, Jennie V. Houser was entitled to receive her monthly payments before any of the other parties mentioned herein was to share in the rentals of said building. The record shows that the net income from said property exceeded for a time the sum of $600 per month. During this time $300 per month only was paid respondent and the balance paid to Nathan L. Houser and later to appellants. There is nothing before us to show that the cost of said heating plant could not have been paid out of the rentals of said property after the respondent had been paid her monthly allowance. In that case neither the principal nor the interest on said sum of $1500 should be a charge against respondent or against her right to receive the net rentals of said real property to the full extent of the monthly payments due her.

Respondent makes the further claim that the excess rentals, during the time they exceeded the monthly payments due respondent, should have been held in reserve and applied in payment of her monthly allowance after the net monthly rentals became insufficient to pay said monthly allowance. We find nothing in the record to indicate that the parties to this transaction intended that any part of the so-called excess rentals should be held in reserve to meet the future payments due respondent. In fact we think the contrary plainly appears. At the time the judgment of May, 1926, was rendered, the net income from said real

property was in excess of $600 per month. This judgment provided that respondent should have a lien upon one-half of the net rents after collection, and not before, to the extent of $300 per month during her natural life. It is quite obvious, when this whole matter is considered together, that it was the intention of the parties that respondent should have the first claim on the net income to the extent of her monthly allowance, but that after respondent had received this payment, the balance of the net income belonged to appellants, except that during the lifetime of Nathan L. Houser, said balance was to be paid to him.

The other points raised by appellants are not vital to the determination of the issues herein, and their discussion would not add anything to the legal question involved in this cause.

Our conclusions from the foregoing are as follows:

1. Respondent is entitled, before appellants are paid anything, to receive from said net rentals the sum of three hundred dollars ($300) per month.

2. If the net rentals fall below said sum of three hundred dollars ($300) per month, respondent has no claim for any difference against the appellants.

3. If the net rentals exceed said sum of $300 per month, said excess belongs to appellants.

4. Appellants are not entitled to deduct from said rentals any part of the interest on said $14,000 indebtedness.

From the foregoing conclusions, it follows that respondent has been paid the full amount of the net rentals for the months of January, February and March, 1933, except the sum of $210, which appellants claimed they were entitled to retain by reason of their payment of this amount as interest on said loan of $14,000. The order appealed from is therefore modified by striking therefrom the words, "three hundred sixteen ($316.00) dollars", wherever they appear in said order and by inserting in their place the words, "Two hundred ten ($210.00) dollars". As so modified the order is affirmed. Each party is to pay his own costs.

Seawell, J., Shenk, J., Thompson, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.