FLOTATION SYSTEMS, Inc., et al. v.
UNITED STATES, for Use of
POLLIA et al.
No. 10359.

Circuit Court of Appeals, Ninth Circuit.
June 29, 1943.

Rehearing Denied Aug. 19, 1943.

484

John D. Harloe, of San Francisco, Cal., for appellants.

J. J. Doyle, and Torregano & Stark, all of San Francisco, Cal., for appellees T. G. Shannon and B. W. Mackie, etc.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges

HEALY, Circuit Judge.

This suit involves the interpretation of a sub-contract entered into between appellant Flotation Systems, Inc., and appellee Andrew Pollia.

Flotation was awarded a contract for the installation of the gasoline storage and distribution system at the Naval Air Station located at Alameda, California. Appellant United States Fidelity and Guaranty Company wrote a bond guaranteeing the faithful performance of the contract and the payment of all claims for labor, material, etc. Flotation then made a sub-contract with Pollia for the installation of the gasoline pipe lines and water lines. The following provisions of the sub-contract supply the fuel for the dispute:

"Item 1: Complete installation of all gasoline pipe line * * * welding and testing all joints, and all connections to Pit Boxes A(1), B(1), C-2(2), D(8) and E(16) * * *.

"Item 2: Complete installation of all Cast Iron U. S. Joint Water lines * * *, connection and testing of all joints, and all connections to Pit Boxes * * *.

"Item 3: Complete installation of a 12" terra-cotta drain pipe * * *, connection of joints and all connections to Pit Boxes C-2(2) and D(8) * * *.

"Item 4: Painting of all piping installed by us inside of Pit Boxes A, B, C, D and E."

The controversy is whether the phrase "to Pit Boxes" includes the cost to Pollia of labor and materials supplied by him within the pit boxes, other than that expressed in item 4 above. The trial court was of opinion that the phrase does not include such costs, that is to say, that the lump sum payable to Pollia was only for the installations outside the pit boxes. Judgment was accordingly entered for the amount of such costs as extra work performed by Pollia.

The testimony shows that, prior to the reduction of the sub-contract to writing, the subject matter was discussed between Pollia and one Ceriat, a representative of Flotation. Afterwards the agreement was drafted and typed by one Snyder, another representative of Flotation, and was then signed by the parties. It is the rule in California that the words of a contract will be taken most strongly against the party who employs them. Payne v. Neuval, 155 Cal. 46, 99 P. 476; Glenn v. Bacon, 86 Cal.App. 58, 260 P. 559. The rule has been made the subject of a statute. § 1654, California Civil Code.

It would do no good to go over the arguments advanced by Flotation in support of its own interpretation of the writing. Enough to say that the arguments are not sufficiently persuasive to warrant our upsetting the interpretation given the contract by the trial court. See Kautz v. Zurich Gen. Acc., Etc., Co., 212 Cal. 576, 582, 300 P. 34. There was considerable evidence bearing on the contemporary construction of the agreement by the parties themselves, some of it tending strongly to show that part of the work in the pit boxes had been made the subject of extra work orders given Pollia by Flotation's representatives.

In its answer Flotation pleaded by way of offset the sum of $705.72 paid by it in discharge of certain bills which it was said Pollia should have, but did not, pay. Flotation offered evidence in support of this offset, and so far as we can see there is no countervailing proof. The court made no finding on the subject and no award. On the appeal counsel for Flotation has insisted that it was entitled to credit for this amount, whereas counsel for Pollia has failed to discuss the subject at all. We conclude that an offset against the judgment in the sum of $705.72 should have been allowed. As so modified, the judgment will be affirmed. A judgment against both parties in favor of appellee Shanmac, as intervener, is concededly correct and is not to be considered as disturbed by this opinion.

Judgment affirmed as modified.

On Petition for Rehearing.

PER CURIAM.

Counsel for appellee Andrew Pollia having conceded that an offset against the judgment should be allowed in the total sum of $1,416.61, it is ordered that the judgment of the District Court in favor of appellee Andrew Pollia and against appellants be modified by allowing an offset against the same in the said sum of $1,416.61 in lieu of the offset of $705.72 heretofore directed by this court.

As so modified, the judgment stands affirmed.